

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 24, 1947

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Opinion No. V-03

Re: Under the given facts
should the additional
amount of taxes that
were left off by the
Tax Assessor-Collector's
Office in error be paid
and charged off as a
legal tax debt by the
taxpayers?

Dear Sir:

Your request for the opinion of this Department based upon the following factual situation has been received.

"Sabine Common School District No. 4 duly made a proper tax levy for one dollar, thirty-seven cents ($1.37). The request for this levy was duly presented to the Commissioners' Court and duly levied by the Court.

"Someone in the Tax Assessor-Collector's office made an error and computed the levy at one dollar, twenty-six cents ($1.26). The rolls were prepared on one dollar, twenty-six cents ($1.26) and the Commissioners' Court approved the rolls. They were taken to the Comptroller's department and accepted. Some of the large tax payers feel that this is a legal obligation and are willing to pay it.

"I am requested to have your opinion as to whether or not the eleven cents ($.11) additional may be paid and the tax payers have the right to charge it off as a legal tax debt. Please let me have your opinion as soon as possible."

Mr. S. O. Loving, the President of Sabine Common School District No. 4, has communicated with this Department giving the following additional information con-

cerning the tax levy of One Dollar & 37/100 Dollars
$1.37) referred to above. He advises that the Com-
missioners' Court levied One Dollar & 26/100 Dollars
($1.26) for maintenance purposes for the common school
district and Eleven Cents (11¢) for interest and sink-
ing fund on bonds theretofore duly and legally issued
by the district, which two items aggregate the sum of
$1.37.

It is assumed that the levy of the common
school tax above referred to was made in accordance
with the provisions of Article 2795, R. C. S. of Texas,
1925, which is in part as follows:

"The commissioners court, at the time of
levying taxes for county purposes, shall also
levy upon all taxable property within any common
school district the rate of tax so voted if a
specific rate has been voted; otherwise said
court shall levy such a rate within the limit
so voted as has been determined by the board
of trustees of said district and the county
superintendent and certified to said court by
the county superintendent. If such tax has been
voted after the levy of county taxes, it shall
be levied at any meeting of said court prior to
the delivery of the assessment rolls by the as-
sessor. The tax assessor shall assess said tax
as other taxes are assessed and make an abstract
showing the amount of special taxes assessed
against each school district in his county and
furnish the same to the county superintendent
on or before the first day of September of the
year for which such taxes are assessed. The
taxes levied upon the real property in said dis-
tricts shall be a lien thereon and the same shall
be sold for unpaid taxes in the manner and at the
time of sales for State and county taxes."

It is also assumed that the tax levy of $1.37
was made at the time the Commissioners' Court levied the
county ad valorem taxes in accordance with Article 7048,
Revised Civil Statutes of Texas, 1925, in the manner pro-
vided therein.

The Revised Civil Statutes of Texas make no
provision for the county commissioners' courts or the
county clerks of the several counties of Texas to trans-
mit the information concerning the amounts of the tax

levied under the provisions of both of the foregoing articles to the Tax Assessor-Collector or Tax Assessor and/or Tax Collector of the several counties.

However, it is the understanding of this department that it is the custom in many counties for the Commissioners' Court to transmit, or cause to be transmitted by the county clerk, a copy of the various tax levies as reflected in the minutes of the Commissioners' Court to the Office of the Tax Assessor who shall then use such information as the basis for making up the tax roll.

In the instant case it is evident that the Tax Assessor-Collector erroneously omitted the Eleven Cents (11¢) regularly and legally levied by the Commissioners' Court for securing the bond issue when making up the tax rolls, and that the Commissioners' Court had no knowledge of such omission when it approved the rolls; but such error did not as a matter of fact or law affect the legality of the original tax levy itself.

It is a well-settled rule of law in Texas that an order or ordinance levying a tax is a condition precedent to liability therefor, and in order to collect the tax there must be reasonable certainty that a lawful tax has been levied. Western Union Telegraph, 62 Texas, 630, 635. Therefore, since the levying of the tax was a legal one, such tax may be collected in favor of the Sabine Common School District No. 4.

Your query as to whether or not the taxpayers paying the Eleven Cents (11¢) tax have the right to charge it up as a legal tax debt cannot be answered by this department since the answer thereto affects neither the State of Texas nor the officials of Gregg County or the Common School District under the provisions of Article 4399, Revised Civil Statutes of Texas.

SUMMARY: A tax levy duly and legally made by a Commissioners' Court for a common school district is a legal tax obligation, although part of the tax levy was erroneously omitted from the tax rolls by

the County Tax Assessor-Collector.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *C. K. Richards*

C. K. Richards
Assistant


APPROVED JAN. 24, 1947

*Price Daniel*
ATTORNEY GENERAL


CKR/JCP :jrb

Approved Opinion Committee
By BWB, Chairman